UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 Cases |
| MEDICAL STAFFING NETWORK HOLDINGS, INC., *et al.*,[1] | Case No. 10-29101-EPK |
| | (Jointly Administered) |
| Debtors. | |

_____/

**GENERAL NOTES AND STATEMENT OF LIMITATIONS,
METHODOLOGY AND DISCLAIMER REGARDING THE
DEBTORS' STATEMENTS AND SCHEDULES (the "Global Notes")**

**GENERAL**

On July 2, 2010 (the "Petition Date"), Medical Staffing Network Holdings, Inc., Medical Staffing Holdings, LLC, Medical Staffing Network, Inc., InteliStaf Holdings, Inc., MSN-Illinois Holdings, Inc., InteliStaf Group, Inc., Medical Staffing Network of Illinois, LLC, Medical Staffing Network Assets, LLC, InteliStaf Healthcare, Inc., InteliStaf Partners No. 1, LLC, InteliStaf Partners No. 2, LLC and InteliStaf Healthcare Management, L.P., (the "Debtors") each commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Florida, West Palm Beach Division (the "Bankruptcy Court"). The Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs ("Statements"), including all attachments thereto, have been prepared pursuant to 11 U.S.C. § 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure by management of the Debtors and are unaudited.

While the Debtors' management has made every effort to ensure that the Schedules and Statements are accurate and complete based on information that

---

[1] The address of each of the Debtors is 901 Yamato Road, Suite 110, Boca Raton, FL 33431 except for Medical Staffing Network of Illinois, LLC whose address is 4525 Weaver Parkway, Suite 310, Warrenville, IL 60555; and the last four digits of the taxpayer identification number of each of the Debtors follows in parenthesis: (i) Medical Staffing Network Holdings, Inc. (5171); (ii) Medical Staffing Holdings, LLC (2662); (iii) Medical Staffing Network, Inc. (9868); (iv) MSN-Illinois Holdings, Inc. (4402); (v) InteliStaf Holdings, Inc. (4008); (vi) InteliStaf Group, Inc. (7220); (vii) Medical Staffing Network of Illinois, LLC (4409); (viii) Medical Staffing Network Assets, LLC (4413); (ix) InteliStaf Healthcare, Inc. (7108); (x) InteliStaf Partners No. 1, LLC (2832); (xi) InteliStaf Partners No. 2, LLC (5965); and (xii) InteliStaf Healthcare Management, L.P. (7958).

was available at the time of preparation, inadvertent errors or omissions may have occurred.  The Schedules and Statements remain subject to further review and verification by the Debtors.  Unless otherwise noted, the information set forth herein is as of July 2, 2010; provided, however, that information regarding operational results and personal property are as of May 23, 2010.  Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and Statements.  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the financial statements.  The Debtors reserve their rights to amend the Schedules and Statements from time to time as may be necessary or appropriate.  These Global Notes regarding the Debtors' Schedules and Statements comprise an integral part of the Schedules and Statements filed by the Debtors, and should be referenced in connection with any review of the Schedules and Statements.  Moreover, these Global Notes are in addition to any specific notes contained in each of the Debtors' Schedules or Statements. The fact that the Debtors have included notes with respect to any specific item in the Schedules or Statements should not be interpreted as a decision by the Debtors to exclude the applicability of such a note to any other items in the remaining Schedules and Statements.

The Schedules and Statements have been signed by Mohsin Meghji, Chief Restructuring Officer of the Debtors.  In reviewing and signing the Schedules and Statements, Mr. Meghji has necessarily relied upon the efforts, statements, and representations of the accounting and non-accounting personnel of the Debtors. Mr. Meghji has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

**Book Value**.  Unless otherwise noted, each asset and liability of the Debtors is shown on the basis of the book value of the asset or liability in the Debtors' accounting books and records, rather than the current market values of such interests in property and/or liabilities.  The Debtors reserve their right to amend or adjust the value of each asset or liability.

**Liabilities**.  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information available and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.  The Debtors also reserve their rights to change

the allocation of liability to the extent additional information becomes available.

Pursuant to orders of the Bankruptcy Court, the Debtors have been granted authority to pay certain prepetition obligations to, among others, employees and taxing authorities. Accordingly, these liabilities have been or will be satisfied and may or may not be listed in the Schedules and Statements.

**Reporting of Certain Information**.  The Debtors have sought to gather the information required in the Schedules and Statements and isolate business operations in order to file Schedules and Statements for each Debtor on an individual basis.  However, because the Debtors have historically reported on a consolidated basis and operate under a consolidated cash management system, in certain instances it would be unduly burdensome for the purposes of these Schedules and Statements for the Debtors to separately identify transactions and reflect certain information, including setoffs, on an individual basis. Accordingly, the Schedules and Statements may not reflect all payments and setoffs made among the Debtors.

**Insiders**.   In the circumstances where the Schedules and Statements require information regarding insiders and/or officers and directors, the Debtors have attempted to include therein each of the Debtors' (a) "directors" or "managers" (or persons in similar positions) and (b) employees that may be, or may have been during the relevant period, "officers" (or persons in control).   The Debtors have attempted to exclude in such applicable Statements information relating to certain of their employees who, despite the title of their position with the Debtors (including, without limitation, certain employees with the title of "officer") are not considered to be true "officers" of the Debtors because, among other things, such employees (i) serve or served in a purely administrative and/or ministerial capacity, (ii) were not appointed by the Debtors' board of directors, and/or (iii) do not have or never had any material inside information as a

result of their employment with the Debtors.

The listing of a party as an insider is not intended to be nor should it be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Employees have been included in this disclosure for informational purposes only and should not be deemed to be "insiders" in terms of control of the Debtors, management responsibilities or functions, decision-making or corporate authority and/or as otherwise defined by applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Agreements Subject to Confidentiality**.  There may be instances within the Schedules and Statements where names, addresses and/or amounts have been redacted.  The omission of such information was appropriate or necessary due to the nature of an agreement between the Debtors and a third party, concerns of confidentiality or concerns for the privacy of an individual.

**Excluded Assets and Liabilities**.  The Debtors' books and records reflect certain accrued assets and intangible items, including goodwill, which the Debtors believe to be an unknown or an insignificant value.  The Debtors' books and records also reflect certain accrued liabilities that the Debtors do not believe constitute actual claims as of the Petition Date.  As such, these assets and liabilities have been excluded from the Schedules and Statements.

**Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

**Intercompany Claims, Agreements, and Related Matters.** The Schedules and Statements do not generally include any intercompany claims, agreements, or other related matters between Debtors and between Debtors and non-Debtor affiliates.

## SCHEDULES OF ASSETS AND LIABILITIES

**Schedule B**.

**Credits in the Ordinary Course of Business**.  In the ordinary course of their businesses, the Debtors apply credits against amounts otherwise due to vendors.  Certain of these credits are subject to change.  Vendor claims are listed at the amounts reflected on the Debtors' books and records, which may include credits or allowances due from such creditors to the Debtors.  The Debtors reserve all of their rights respecting such credits and allowances.

**Causes of Action**.  The Debtors, despite their best efforts, may not have listed all of their causes of action against third parties as assets in the Schedules.  The Debtors reserve all of their rights with respect to any causes of action they may have and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

**Intellectual Property**.  Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

**Schedule D**.  Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance, of any lien purportedly granted to a secured creditor listed on

Schedule D or perfected in any specific asset.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. The descriptions provided in Schedule D are intended only to be a summary.  Holders of claims that are secured by virtue of setoff rights or security deposits are not included in Schedule D.

As set forth in Schedule D, as of the Petition Date, the sum owed under the Amended and Restated Credit Agreement ("Credit Agreement") dated as of March 12, 2009 among Medical Staffing Network, Inc., as Borrower, Medical Staffing Holdings, LLC and Medical Staffing Network Holdings, Inc., as Certain of the Guarantors, The Lenders And L/C Issuers Party Hereto and General Electric Capital Corporation, as Administrative Agent and Collateral Agent ("GE"), was an aggregate amount of approximately $126,370,256.  The amount set forth in Schedule D is approximate and it is not an admission of any kind.  The Debtors reserve all their rights concerning such stated amount.

For each Debtor that has provided a guaranty of the Credit Agreement, Schedule D lists the amount of GE's claim as "unknown," due to the contingent nature of the guaranty.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in the Global Notes shall be deemed a modification or interpretation of the terms of such agreements.

**Schedule E.**

**Wages**.  The Bankruptcy Court entered an order granting the Debtors authority to pay certain prepetition employee wages, compensation, benefits and other related obligations (the

"Employee Wage Order").  Pursuant to the Employee Wage Order, the Debtors believe that, other than claims of certain former and current employees in excess of the statutorily permitted priority amount, any employee claims for prepetition amounts have been or will be satisfied, and such satisfied amounts are not listed on Schedule E.

The Debtors are currently subject to an audit and investigation of a multi-state government contract with the United States Air Force ("Air Force").  As the Air Force incorrectly excluded certain provisions of the Service Contract Act in the original contract, several of the Debtors' employees were underpaid.  Despite being served with an order to pay $50,000 on behalf of four Florida employees on May 6, 2010, the Debtors believe that payments for all 21 employees in all states will eventually have to be made.  The Air Force has asked for a Request for Equitable adjustment which would enable it to reimburse the Debtors for the eventual payments to the 21 employees.  Nevertheless, there is no assurance that the Air Force will agree to the $356,000 of retroactive wages that the Debtors believe are owed.

**Taxes**.  Also as noted above, the Bankruptcy Court entered an order granting authority to pay certain prepetition sales, use, trust fund, property and other taxes (the "Tax Order").  Pursuant to the Tax Order, the Debtors were authorized to pay certain prepetition taxes and fees due and owing to taxing authorities consistent with the practices and policies in effect as of the Petition Date.  Claims of taxing authorities that were satisfied pursuant to the Tax Order may or may not be included on Schedule E.  Claims of taxing authorities that are believed to have existed on the Petition Date are reflected on Schedule E in amounts unknown and listed as "unliquidated."

The Debtors are currently the subject of ordinary course tax reviews by the taxing authorities of Tennessee and Michigan, as well as an audit for the 2006 through 2009 taxable years by the taxing authorities of Texas, which relates to the disallowance of certain deductions

taken during prior year tax planning strategies. As any payments cannot be estimated at this time, no amount is included in Schedule E.

**Reservation of Rights**. The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve their rights to dispute the priority status of any claim on any basis. Moreover, the listing of any tax claim on Schedule E is not an admission or designation by the Debtors that such claim is a prepetition tax claim. The Debtors reserve their rights to treat any of these claims as postpetition claims.

**Schedule F**.

**Customer Programs**. The Bankruptcy Court entered an order granting authority to honor certain prepetition customer programs. Accordingly, certain debts arising out of customer programs may or may not have been included on the Debtors' Schedules and Statements.

**Executory Contracts**. Schedule F reflects the prepetition amounts owing to, among others, counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. In addition, Schedule F does not include rejection damage claims of the counterparties to executory contracts and unexpired leases that have been or may be rejected.

**Utility Company Setoffs**. Schedule F reflects prepetition amounts owed to utility companies as of the Petition Date, according to the Debtors' books and records. Pursuant to section 366(c)(4) of the Bankruptcy Code, certain utilities, however, may have set off prepetition deposits against prepetition amounts owed. Accordingly, the exact amounts owed to utility companies as of the Petition Date may differ from the amounts reflected on the Debtors' books and records.

**Payment of Certain Prepetition Claims**. The Bankruptcy Court approved the payment of

certain unsecured prepetition claims, including, without limitation, certain claims of critical vendors.   To the extent that the Debtors have paid these claims, they are not reflected in Schedule F.   However, the Debtors are still in the process of analyzing these claims, and accordingly, some of such claims may be reflected in Schedule F and may subsequently be paid in the ordinary course of business pursuant to the Court order.   Moreover, certain amounts have been or may be classified as reclamation claims or claims pursuant to section 503(b)(9) of the Bankruptcy Code.

**Other**.   The claims listed on Schedule F arose or were incurred on various dates and a determination of each date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive.   Accordingly, not all such dates are included for each claim. All claims listed on Schedule F, however, appear to have arisen or to have been incurred prior to the Petition Date.

**Schedule G.**

**Executory Contracts**.   The Debtors have not set forth executory contracts as assets in their Schedules and Statements.  The Debtors' executory contracts have been set forth in Schedule G; they are not reflected in Schedule F, unless an amount was due under a particular contract as of the Petition Date.  The Court has entered various Orders on behalf of the Debtors, authorizing them to maintain various contracts entered into with OneSource clients, Government clients, Subcontractors and insurance carriers, as well as for apartment and furniture leases for travel nurses as part of ordinary course. In addition, the Court has also entered Orders allowing the Debtors to reject certain unexpired office and equipment leases. The contracts listed on Schedule G represent management's best estimate of all executory contracts outstanding as of the Petition Date.

**Reservation of Rights**.  While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.  Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth separately on Schedule G.  The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.  Inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease and the Debtors reserve all rights in that regard, including, without limitation, the right to challenge an agreement as not executory, expired pursuant to its terms, or terminated prepetition.

**Claim Descriptions and Amounts**. Any failure to designate a claim on the Debtors' Schedules as "contingent," ("C") "unliquidated," ("U") or "disputed" ("D") does not constitute an admission by the Debtors that such claim is not "contingent," "unliquidated," or "disputed."  The Debtors reserve their rights to dispute, or to assert offsets or defenses to any claim reflected on the Schedules as to amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed." Moreover, the Debtors reserve their rights to amend their Schedules as necessary and appropriate.

Claim amounts that could not be fairly quantified by the Debtors are scheduled as "unknown," and with a C, U, and/or D notation, whichever is appropriate, given the individual circumstances.

## STATEMENT OF FINANCIAL AFFAIRS

**Question 3(b)**. The responses to Question 3(b) do not include wages or salaries paid to

employees during the stated 90-day period.  With regard to amounts still owing, the Debtors refer to and incorporate by reference Schedules E and F.

**Question 3(c)**. The inclusion of a payment to an entity in response to Question 3(c) shall not be deemed to be an admission that the recipient of such payments is an "insider" within the meaning of the Bankruptcy Code and the Debtors reserve all rights in that regard.

In connection with amounts still owing, the Debtors refer to and incorporate by reference Schedules E and F.

**Question 4**. The Debtors, despite their best efforts, may not have listed all of their causes of action against third parties as assets in the Statements.  The Debtors reserve all of their rights with respect to any causes of action they may have and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

Moreover, the Debtors are a party to several thousand workers compensation claims brought by parties who are included in Schedule F.  As such claims are handled by third party insurance programs, they are not reflected in the Debtor's response to Question 4.

**Question 9**. Medical Staffing Network, Inc. and Medical Staffing Network of Illinois, LLC made certain payments related to debt counseling and/or bankruptcy and such payments were made for the benefit of all Debtors in these chapter 11 cases.

**Question 13**. As stated above, the Debtors believe that pursuant to section 366(c)(4) of the Bankruptcy Code, certain utility providers may have applied prepetition deposits to prepetition obligations.  At this time, the Debtors do not have a list of all utility providers that have set off prepetition deposits.

**Question 19d**. The Debtors, in the ordinary course of conducting their business, may have provided financial information, including financial statements, to numerous parties including,

among others, banks, customers, vendors, and landlords.   The Debtors were being publicly traded on the New York Stock Exchange under the symbol MSN until December 15, 2008, and since then, the Debtor's Class A Stock has been trading on the OTCQX marketplace under the symbol MSNW.PK.   Through being publicly traded, the Debtor has filed its financial statements with the Security Exchange Commission for the past two years prior to the commencement of this case. The Debtors do not have a record of their delivery of all such financial statements and, accordingly, no entities that received a financial statement were included in the response to Question 19d.

B6 Summary (Official Form 6 - Summary) (12/07)

.

# United States Bankruptcy Court
## Southern District of Florida

In re    **Medical Staffing Network Holdings, Inc.** _____ ,    Case No. ___**10-29101(EPK)**___
                                    Debtor

Chapter _____**11**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 3 | 53.25 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 126,264,489.32 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | 0.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 3 | | | |
| H - Codebtors | Yes | 7 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 17 | | | |
| Total Assets | | | 53.25 | | |
| Total Liabilities | | | | 126,264,489.32 | |

B6A (Official Form 6A) (12/07)

.

In re    **Medical Staffing Network Holdings, Inc.**                                                    ,        Case No.    __10-29101(EPK)__
                                                          Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | | | |

| | | | |
|---|---|---|---|
| | Sub-Total > | **0.00** | (Total of this page) |
| | Total > | **0.00** | |

__0__   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

.

In re __Medical Staffing Network Holdings, Inc._____,    Case No.   __10-29101(EPK)__
                                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | X | | | |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Bank of America**<br>**9000 Southside Blvd**<br>**Mail Code FL-09-0200-02-04**<br>**Jacksonville, FL 32256**<br><br>**Master Funding**<br>**Account No. XX-XXXX-9422** | - | 53.25 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. | Wearing apparel. | X | | | |
| 7. | Furs and jewelry. | X | | | |
| 8. | Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. | Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >          **53.25**
(Total of this page)

__2__   continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re  **Medical Staffing Network Holdings, Inc.**                                          ,        Case No.   **10-29101(EPK)**
                                                            Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **Medical Staffing Holdings, LLC** **100% Owner of Membership Units** | **-** | **Unknown** |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >              **0.00**
(Total of this page)

Sheet   **1**   of   **2**   continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                                                                 Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re     **Medical Staffing Network Holdings, Inc.**                                          ,     Case No.     **10-29101(EPK)**
                                                                      Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total >        **0.00**
(Total of this page)

Total >        **53.25**

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6D (Official Form 6D) (12/07)

In re    **Medical Staffing Network Holdings, Inc.**                                            ,    Case No.    **10-29101(EPK)**
                                          Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | 03/12/09 | | | | | |
| **General Electric Capital Corporation as Administrative Agent and Collateral Agent** **2 Bethesda Metro Center, Suite 600 Bethesda, MD 20814** | X | - | Amended and Restated Credit Agreement Secured by substantially all the assets of the Borrower, Holdings and Guarantors, respectively, pursuant to the terms of the First Lien Security Documents | | | | | |
| | | | Value $                        Unknown | | | | 92,359,390.16 | Unknown |
| Account No. | | | 03/12/09 | | | | | |
| **General Electric Capital Corporation as Administrative Agent and Collateral Agent** **2 Bethesda Metro Center, Suite 600 Bethesda, MD 20814** | X | - | Letters of Credit, Amended and Restated Credit Agreement Secured by substantially all the assets of the Borrower, Holdings and Guarantors, respectively, pursuant to the terms of the First Lien Security Documents | | | | | |
| | | | Value $                        Unknown | | | | 6,425,200.00 | Unknown |
| Account No. | | | 08/22/07 | | | | | |
| **General Electric Capital Corporation as Administrative Agent and Collateral Agent** **2 Bethesda Metro Center, Suite 600 Bethesda, MD 20814** | X | - | 2002 Master ISDA Agreement | | | | | |
| | | | Value $                        Unknown | | | | 708,118.36 | Unknown |
| Account No. | | | 03/12/09 | | | | | |
| **NexBank, SSB as Administrative Agent and Collateral Agent** **13455 Noel Road, 22nd Floor Dallas, TX 75240** | X | - | Amended and Restated Second Lien Credit Agreement Secured by substantially all the assets of the Borrower, Holdings and Guarantors, respectively, pursuant to the terms of the Second Lien Security Documents | | | | | |
| | | | Value $                        Unknown | | | | 26,771,780.80 | Unknown |

|  | Subtotal (Total of this page) | 126,264,489.32 | 0.00 |
|---|---|---|---|
| **0**     continuation sheets attached | Total (Report on Summary of Schedules) | 126,264,489.32 | 0.00 |

B6E (Official Form 6E) (4/10)

.

In re    **Medical Staffing Network Holdings, Inc.**                                    Case No.    **10-29101(EPK)**
_____,
                              Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

_* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment._

**0**    continuation sheets attached

B6F (Official Form 6F) (12/07)

In re    **Medical Staffing Network Holdings, Inc.**                              ,    Case No.    __10-29101(EPK)__
                                         Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

__0__    continuation sheets attached

| | Subtotal (Total of this page) | |
|---|---|---|
| | Total (Report on Summary of Schedules) | **0.00** |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

S/N:28092-100630    Best Case Bankruptcy

B6G (Official Form 6G) (12/07)

.

In re   **Medical Staffing Network Holdings, Inc.**                                              ,     Case No.   __10-29101(EPK)__
                                                        Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **AMERICAN STOCK TRANSFER & TRUST COMPANY**<br>**40 WALL STREET**<br>**NEW YORK, NY 10050** | **American Stock Transfer & Trust Company**<br>**40 Wall Street, New York, NY 1005** |
| **EMPLOYEE NO. 1**<br>**ADDRESS REDACTED** | **Employment Agreement** |
| **EMPLOYEE NO. 1**<br>**ADDRESS REDACTED** | **Change of Control Employment Agreement**<br>**(2 years non-compete)** |
| **EMPLOYEE NO. 10**<br>**ADDRESS REDACTED** | **Change of Control Employment Agreement**<br>**(2 years non-compete)** |
| **EMPLOYEE NO. 11**<br>**ADDRESS REDACTED** | **Change of Control Employment Agreement**<br>**(2 years non-compete)** |
| **EMPLOYEE NO. 12**<br>**ADDRESS REDACTED** | **Change of Control Employment Agreement**<br>**(2 years non-compete)** |
| **EMPLOYEE NO. 13**<br>**ADDRESS REDACTED** | **Change of Control Employment Agreement**<br>**(2 years non-compete)** |
| **EMPLOYEE NO. 14**<br>**ADDRESS REDACTED** | **Change of Control Employment Agreement**<br>**(2 years non-compete)** |
| **EMPLOYEE NO. 15,**<br>**ADDRESS REDACTED** | **Change of Control Employment Agreement**<br>**(2 years non-compete)** |
| **EMPLOYEE NO. 16**<br>**ADDRESS REDACTED** | **Change of Control Employment Agreement**<br>**(2 years non-compete)** |
| **EMPLOYEE NO. 17**<br>**ADDRESS REDACTED** | **Change of Control Employment Agreement**<br>**(2 years non-compete)** |
| **EMPLOYEE NO. 2**<br>**ADDRESS REDACTED** | **Employment Agreement - Amended and Restated**<br>**Employment Agreement** |
| **EMPLOYEE NO. 2**<br>**ADDRESS REDACTED** | **Change of Control Employment Agreement**<br>**(2 years non-compete)** |
| **EMPLOYEE NO. 21**<br>**ADDRESS REDACTED** | **Change of Control Employment Agreement**<br>**(1 year non-compete)** |
| **EMPLOYEE NO. 22**<br>**ADDRESS REDACTED** | **Change of Control Employment Agreement**<br>**(1 year non-compete)** |

**2**
____  continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

In re    **Medical Staffing Network Holdings, Inc.** _____ ,    Case No. ___**10-29101(EPK)**_____

Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
(Continuation Sheet)

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **EMPLOYEE NO. 23**<br>**ADDRESS REDACTED** | **Change of Control Employment Agreement**<br>**(1 year non-compete)** |
| **EMPLOYEE NO. 24**<br>**ADDRESS REDACTED** | **Change of Control Employment Agreement**<br>**(1 year non-compete)** |
| **EMPLOYEE NO. 25**<br>**ADDRESS REDACTED** | **Change of Control Employment Agreement**<br>**(1 year non-compete)** |
| **EMPLOYEE NO. 26**<br>**ADDRESS REDACTED** | **Change of Control Employment Agreement**<br>**(1 year non-compete)** |
| **EMPLOYEE NO. 28**<br>**ADDRESS REDACTED** | **Change of Control Employment Agreement**<br>**(1 year non-compete)** |
| **EMPLOYEE NO. 29**<br>**ADDRESS REDACTED** | **Change of Control Employment Agreement**<br>**(1 year non-compete)** |
| **EMPLOYEE NO. 3**<br>**ADDRESS REDACTED** | **Employment Agreement - Amended and Restated**<br>**Employment Agreement** |
| **EMPLOYEE NO. 3**<br>**ADDRESS REDACTED** | **Change of Control Employment Agreement**<br>**(2 years non-compete)** |
| **EMPLOYEE NO. 30**<br>**ADDRESS REDACTED** | **Change of Control Employment Agreement**<br>**(1 year non-compete)** |
| **EMPLOYEE NO. 31**<br>**ADDRESS REDACTED** | **Change of Control Employment Agreement**<br>**(1 year non-compete)** |
| **EMPLOYEE NO. 4**<br>**ADDRESS REDACTED** | **Change of Control Employment Agreement**<br>**(2 years non-compete)** |
| **EMPLOYEE NO. 5**<br>**ADDRESS REDACTED** | **Change of Control Employment Agreement**<br>**(2 years non-compete)** |
| **EMPLOYEE NO. 6**<br>**ADDRESS REDACTED** | **Change of Control Employment Agreement**<br>**(2 years non-compete)** |
| **EMPLOYEE NO. 7**<br>**ADDRESS REDACTED** | **Change of Control Employment Agreement**<br>**(2 years non-compete)** |
| **EMPLOYEE NO. 8**<br>**ADDRESS REDACTED** | **Change of Control Employment Agreement**<br>**(2 years non-compete)** |
| **EMPLOYEE NO. 9**<br>**ADDRESS REDACTED** | **Change of Control Employment Agreement**<br>**(2 years non-compete)** |
| **THOMSON FINANCIAL CORPORATE SERVICES**<br>**195 BROADWAY, 6TH FLOOR**<br>**NEW YORK, NY 10070** | **Thomson Financial Corporate Services**<br>**195 Broadway, 6th Floor, New York, NY 1007** |

Sheet __**1**__ of __**2**__ continuation sheets attached to the Schedule of Executory Contracts and Unexpired Leases

In re    **Medical Staffing Network Holdings, Inc.**                              ,    Case No.    __10-29101(EPK)__

Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
(Continuation Sheet)

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **WASHINGTON REAL ESTATE INVESTMENT TRUST**<br>**6110 EXECUTIVE BOULEVARD**<br>**SUITE 800**<br>**ROCKVILLE, MD 20852** | **Office Lease - Branch 327 - 6110**<br>**Executive Boulevard, Suite 204, Rockville, MD 20852** |

Sheet __2__ of __2__ continuation sheets attached to the Schedule of Executory Contracts and Unexpired Leases

B6H (Official Form 6H) (12/07)

.

In re    **Medical Staffing Network Holdings, Inc.**                                              ,        Case No.    **10-29101(EPK)**
                                                         Debtor

# SCHEDULE H - CODEBTORS

   Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **InteliStaf Group, Inc.**<br>**901 Yamato Road**<br>**Suite 110**<br>**Boca Raton, FL 33431** | **General Electric Capital Corporation**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**2 Bethesda Metro Center, Suite 600**<br>**Bethesda, MD 20814**<br>   **Amended and Restated Credit Agreement** |
| **InteliStaf Group, Inc.**<br>**901 Yamato Road**<br>**Suite 110**<br>**Boca Raton, FL 33431** | **NexBank, SSB**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**13455 Noel Road, 22nd Floor**<br>**Dallas, TX 75240**<br>   **Amended and Restated Second Lien Credit**<br>**Agreement** |
| **InteliStaf Group, Inc.**<br>**901 Yamato Road**<br>**Suite 110**<br>**Boca Raton, FL 33431** | **General Electric Capital Corporation**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**2 Bethesda Metro Center, Suite 600**<br>**Bethesda, MD 20814**<br>   **Letters of Credit, Amended and Restated Credit**<br>**Agreement** |
| **InteliStaf Group, Inc.**<br>**901 Yamato Road**<br>**Suite 110**<br>**Boca Raton, FL 33431** | **General Electric Capital Corporation**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**2 Bethesda Metro Center, Suite 600**<br>**Bethesda, MD 20814**<br>   **2002 Master ISDA Agreement** |
| **InteliStaf Healthcare Management, L.P.**<br>**901 Yamato Road**<br>**Suite 110**<br>**Boca Raton, FL 33431** | **General Electric Capital Corporation**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**2 Bethesda Metro Center, Suite 600**<br>**Bethesda, MD 20814**<br>   **Amended and Restated Credit Agreement** |
| **InteliStaf Healthcare Management, L.P.**<br>**901 Yamato Road**<br>**Suite 110**<br>**Boca Raton, FL 33431** | **NexBank, SSB**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**13455 Noel Road, 22nd Floor**<br>**Dallas, TX 75240**<br>   **Amended and Restated Second Lien Credit**<br>**Agreement** |

**6**

____ continuation sheets attached to Schedule of Codebtors

In re   **Medical Staffing Network Holdings, Inc.** _____,   Case No.   **10-29101(EPK)** _____

Debtor

# SCHEDULE H - CODEBTORS
(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **InteliStaf Healthcare Management, L.P.**<br>**901 Yamato Road**<br>**Suite 110**<br>**Boca Raton, FL 33431** | **General Electric Capital Corporation**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**2 Bethesda Metro Center, Suite 600**<br>**Bethesda, MD 20814**<br>   **Letters of Credit, Amended and Restated Credit**<br>**Agreement** |
| **InteliStaf Healthcare Management, L.P.**<br>**901 Yamato Road**<br>**Suite 110**<br>**Boca Raton, FL 33431** | **General Electric Capital Corporation**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**2 Bethesda Metro Center, Suite 600**<br>**Bethesda, MD 20814**<br>   **2002 Master ISDA Agreement** |
| **InteliStaf Healthcare, Inc.**<br>**901 Yamato Road**<br>**Suite 110**<br>**Boca Raton, FL 33431** | **General Electric Capital Corporation**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**2 Bethesda Metro Center, Suite 600**<br>**Bethesda, MD 20814**<br>   **Amended and Restated Credit Agreement** |
| **InteliStaf Healthcare, Inc.**<br>**901 Yamato Road**<br>**Suite 110**<br>**Boca Raton, FL 33431** | **NexBank, SSB**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**13455 Noel Road, 22nd Floor**<br>**Dallas, TX 75240**<br>   **Amended and Restated Second Lien Credit**<br>**Agreement** |
| **InteliStaf Healthcare, Inc.**<br>**901 Yamato Road**<br>**Suite 110**<br>**Boca Raton, FL 33431** | **General Electric Capital Corporation**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**2 Bethesda Metro Center, Suite 600**<br>**Bethesda, MD 20814**<br>   **Letters of Credit, Amended and Restated Credit**<br>**Agreement** |
| **InteliStaf Healthcare, Inc.**<br>**901 Yamato Road**<br>**Suite 110**<br>**Boca Raton, FL 33431** | **General Electric Capital Corporation**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**2 Bethesda Metro Center, Suite 600**<br>**Bethesda, MD 20814**<br>   **2002 Master ISDA Agreement** |
| **InteliStaf Holdings, Inc.**<br>**901 Yamato Road**<br>**Suite 110**<br>**Boca Raton, FL 33431** | **General Electric Capital Corporation**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**2 Bethesda Metro Center, Suite 600**<br>**Bethesda, MD 20814**<br>   **Amended and Restated Credit Agreement** |

Sheet   **1**   of   **6**   continuation sheets attached to the Schedule of Codebtors

In re   **Medical Staffing Network Holdings, Inc.**   ,   Case No.   **10-29101(EPK)**

Debtor

# SCHEDULE H - CODEBTORS
(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| InteliStaf Holdings, Inc.<br>901 Yamato Road<br>Suite 110<br>Boca Raton, FL 33431 | NexBank, SSB<br>as Administrative Agent and Collateral<br>Agent<br>13455 Noel Road, 22nd Floor<br>Dallas, TX 75240<br>  Amended and Restated Second Lien Credit<br>Agreement |
| InteliStaf Holdings, Inc.<br>901 Yamato Road<br>Suite 110<br>Boca Raton, FL 33431 | General Electric Capital Corporation<br>as Administrative Agent and Collateral<br>Agent<br>2 Bethesda Metro Center, Suite 600<br>Bethesda, MD 20814<br>  Letters of Credit, Amended and Restated Credit<br>Agreement |
| InteliStaf Holdings, Inc.<br>901 Yamato Road<br>Suite 110<br>Boca Raton, FL 33431 | General Electric Capital Corporation<br>as Administrative Agent and Collateral<br>Agent<br>2 Bethesda Metro Center, Suite 600<br>Bethesda, MD 20814<br>  2002 Master ISDA Agreement |
| Intelistaf Partners No. 1, LLC<br>901 Yamato Road<br>Suite 110<br>Boca Raton, FL 33431 | General Electric Capital Corporation<br>as Administrative Agent and Collateral<br>Agent<br>2 Bethesda Metro Center, Suite 600<br>Bethesda, MD 20814<br>  Amended and Restated Credit Agreement |
| Intelistaf Partners No. 1, LLC<br>901 Yamato Road<br>Suite 110<br>Boca Raton, FL 33431 | NexBank, SSB<br>as Administrative Agent and Collateral<br>Agent<br>13455 Noel Road, 22nd Floor<br>Dallas, TX 75240<br>  Amended and Restated Second Lien Credit<br>Agreement |
| Intelistaf Partners No. 1, LLC<br>901 Yamato Road<br>Suite 110<br>Boca Raton, FL 33431 | General Electric Capital Corporation<br>as Administrative Agent and Collateral<br>Agent<br>2 Bethesda Metro Center, Suite 600<br>Bethesda, MD 20814<br>  Letters of Credit, Amended and Restated Credit<br>Agreement |
| Intelistaf Partners No. 1, LLC<br>901 Yamato Road<br>Suite 110<br>Boca Raton, FL 33431 | General Electric Capital Corporation<br>as Administrative Agent and Collateral<br>Agent<br>2 Bethesda Metro Center, Suite 600<br>Bethesda, MD 20814<br>  2002 Master ISDA Agreement |

Sheet  **2**  of  **6**  continuation sheets attached to the Schedule of Codebtors

In re   **Medical Staffing Network Holdings, Inc.**       ,     Case No.   **10-29101(EPK)**

Debtor

# SCHEDULE H - CODEBTORS
(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Intelistaf Partners No. 2, LLC**<br>**901 Yamato Road**<br>**Suite 110**<br>**Boca Raton, FL 33431** | **General Electric Capital Corporation**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**2 Bethesda Metro Center, Suite 600**<br>**Bethesda, MD 20814**<br>  **Amended and Restated Credit Agreement** |
| **Intelistaf Partners No. 2, LLC**<br>**901 Yamato Road**<br>**Suite 110**<br>**Boca Raton, FL 33431** | **NexBank, SSB**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**13455 Noel Road, 22nd Floor**<br>**Dallas, TX 75240**<br>  **Amended and Restated Second Lien Credit**<br>**Agreement** |
| **Intelistaf Partners No. 2, LLC**<br>**901 Yamato Road**<br>**Suite 110**<br>**Boca Raton, FL 33431** | **General Electric Capital Corporation**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**2 Bethesda Metro Center, Suite 600**<br>**Bethesda, MD 20814**<br>  **Letters of Credit, Amended and Restated Credit**<br>**Agreement** |
| **Intelistaf Partners No. 2, LLC**<br>**901 Yamato Road**<br>**Suite 110**<br>**Boca Raton, FL 33431** | **General Electric Capital Corporation**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**2 Bethesda Metro Center, Suite 600**<br>**Bethesda, MD 20814**<br>  **2002 Master ISDA Agreement** |
| **Medical Staffing Holdings, LLC**<br>**901 Yamato Road**<br>**Suite 110**<br>**Boca Raton, FL 33431** | **General Electric Capital Corporation**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**2 Bethesda Metro Center, Suite 600**<br>**Bethesda, MD 20814**<br>  **Amended and Restated Credit Agreement** |
| **Medical Staffing Holdings, LLC**<br>**901 Yamato Road**<br>**Suite 110**<br>**Boca Raton, FL 33431** | **NexBank, SSB**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**13455 Noel Road, 22nd Floor**<br>**Dallas, TX 75240**<br>  **Amended and Restated Second Lien Credit**<br>**Agreement** |
| **Medical Staffing Holdings, LLC**<br>**901 Yamato Road**<br>**Suite 110**<br>**Boca Raton, FL 33431** | **General Electric Capital Corporation**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**2 Bethesda Metro Center, Suite 600**<br>**Bethesda, MD 20814**<br>  **Letters of Credit, Amended and Restated Credit**<br>**Agreement** |

Sheet  **3**  of  **6**  continuation sheets attached to the Schedule of Codebtors

In re    **Medical Staffing Network Holdings, Inc.**                                        ,    Case No.    **10-29101(EPK)**

Debtor

# SCHEDULE H - CODEBTORS
(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Medical Staffing Holdings, LLC**<br>**901 Yamato Road**<br>**Suite 110**<br>**Boca Raton, FL 33431** | **General Electric Capital Corporation**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**2 Bethesda Metro Center, Suite 600**<br>**Bethesda, MD 20814**<br>    **2002 Master ISDA Agreement** |
| **Medical Staffing Network Assets, LLC**<br>**901 Yamato Road**<br>**Suite 110**<br>**Boca Raton, FL 33431** | **General Electric Capital Corporation**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**2 Bethesda Metro Center, Suite 600**<br>**Bethesda, MD 20814**<br>    **Amended and Restated Credit Agreement** |
| **Medical Staffing Network Assets, LLC**<br>**901 Yamato Road**<br>**Suite 110**<br>**Boca Raton, FL 33431** | **NexBank, SSB**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**13455 Noel Road, 22nd Floor**<br>**Dallas, TX 75240**<br>    **Amended and Restated Second Lien Credit**<br>**Agreement** |
| **Medical Staffing Network Assets, LLC**<br>**901 Yamato Road**<br>**Suite 110**<br>**Boca Raton, FL 33431** | **General Electric Capital Corporation**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**2 Bethesda Metro Center, Suite 600**<br>**Bethesda, MD 20814**<br>    **Letters of Credit, Amended and Restated Credit**<br>**Agreement** |
| **Medical Staffing Network Assets, LLC**<br>**901 Yamato Road**<br>**Suite 110**<br>**Boca Raton, FL 33431** | **General Electric Capital Corporation**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**2 Bethesda Metro Center, Suite 600**<br>**Bethesda, MD 20814**<br>    **2002 Master ISDA Agreement** |
| **Medical Staffing Network of Illinois,LLC**<br>**4525 Weaver Parkway, Suite 310**<br>**Warrenville, IL 60555** | **General Electric Capital Corporation**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**2 Bethesda Metro Center, Suite 600**<br>**Bethesda, MD 20814**<br>    **Amended and Restated Credit Agreement** |
| **Medical Staffing Network of Illinois,LLC**<br>**4525 Weaver Parkway, Suite 310**<br>**Warrenville, IL 60555** | **NexBank, SSB**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**13455 Noel Road, 22nd Floor**<br>**Dallas, TX 75240**<br>    **Amended and Restated Second Lien Credit**<br>**Agreement** |

Sheet   **4**   of   **6**   continuation sheets attached to the Schedule of Codebtors

In re   **Medical Staffing Network Holdings, Inc.** _____ ,   Case No. ___**10-29101(EPK)**___

Debtor

# SCHEDULE H - CODEBTORS
(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Medical Staffing Network of Illinois,LLC**<br>**4525 Weaver Parkway, Suite 310**<br>**Warrenville, IL 60555** | **General Electric Capital Corporation**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**2 Bethesda Metro Center, Suite 600**<br>**Bethesda, MD 20814**<br>   **Letters of Credit, Amended and Restated Credit**<br>**Agreement** |
| **Medical Staffing Network of Illinois,LLC**<br>**4525 Weaver Parkway, Suite 310**<br>**Warrenville, IL 60555** | **General Electric Capital Corporation**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**2 Bethesda Metro Center, Suite 600**<br>**Bethesda, MD 20814**<br>   **2002 Master ISDA Agreement** |
| **Medical Staffing Network, Inc.**<br>**901 Yamato Road**<br>**Suite 110**<br>**Boca Raton, FL 33431** | **General Electric Capital Corporation**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**2 Bethesda Metro Center, Suite 600**<br>**Bethesda, MD 20814**<br>   **Amended and Restated Credit Agreement** |
| **Medical Staffing Network, Inc.**<br>**901 Yamato Road**<br>**Suite 110**<br>**Boca Raton, FL 33431** | **NexBank, SSB**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**13455 Noel Road, 22nd Floor**<br>**Dallas, TX 75240**<br>   **Amended and Restated Second Lien Credit**<br>**Agreement** |
| **Medical Staffing Network, Inc.**<br>**901 Yamato Road**<br>**Suite 110**<br>**Boca Raton, FL 33431** | **General Electric Capital Corporation**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**2 Bethesda Metro Center, Suite 600**<br>**Bethesda, MD 20814**<br>   **Letters of Credit, Amended and Restated Credit**<br>**Agreement** |
| **Medical Staffing Network, Inc.**<br>**901 Yamato Road**<br>**Suite 110**<br>**Boca Raton, FL 33431** | **General Electric Capital Corporation**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**2 Bethesda Metro Center, Suite 600**<br>**Bethesda, MD 20814**<br>   **2002 Master ISDA Agreement** |
| **MSN-Illinois Holdings, Inc.**<br>**901 Yamato Road**<br>**Suite 110**<br>**Boca Raton, FL 33431** | **General Electric Capital Corporation**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**2 Bethesda Metro Center, Suite 600**<br>**Bethesda, MD 20814**<br>   **Amended and Restated Credit Agreement** |

Sheet __**5**__ of __**6**__ continuation sheets attached to the Schedule of Codebtors

In re   **Medical Staffing Network Holdings, Inc.**                        ,    Case No.    **10-29101(EPK)**
                                            Debtor

# SCHEDULE H - CODEBTORS
(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **MSN-Illinois Holdings, Inc.**<br>**901 Yamato Road**<br>**Suite 110**<br>**Boca Raton, FL 33431** | **NexBank, SSB**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**13455 Noel Road, 22nd Floor**<br>**Dallas, TX 75240**<br>   **Amended and Restated Second Lien Credit**<br>**Agreement** |
| **MSN-Illinois Holdings, Inc.**<br>**901 Yamato Road**<br>**Suite 110**<br>**Boca Raton, FL 33431** | **General Electric Capital Corporation**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**2 Bethesda Metro Center, Suite 600**<br>**Bethesda, MD 20814**<br>   **Letters of Credit, Amended and Restated Credit**<br>**Agreement** |
| **MSN-Illinois Holdings, Inc.**<br>**901 Yamato Road**<br>**Suite 110**<br>**Boca Raton, FL 33431** | **General Electric Capital Corporation**<br>**as Administrative Agent and Collateral**<br>**Agent**<br>**2 Bethesda Metro Center, Suite 600**<br>**Bethesda, MD 20814**<br>   **2002 Master ISDA Agreement** |

Sheet __6__ of __6__ continuation sheets attached to the Schedule of Codebtors

B6 Declaration (Official Form 6 - Declaration). (12/07)

## United States Bankruptcy Court
### Southern District of Florida

In re  **Medical Staffing Network Holdings, Inc.**                         Case No.   **10-29101(EPK)**
                                        Debtor(s)                          Chapter    **11**

### DECLARATION CONCERNING DEBTOR'S SCHEDULES

DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Chief Restructuring Officer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __18__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date **July 16, 2010**                    Signature _____
                                          **Mohsin Meghji**
                                          **Chief Restructuring Officer**

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## Southern District of Florida

In re    **Medical Staffing Network Holdings, Inc.**                                          Case No.    **10-29101(EPK)**

                                                   Debtor(s)                                          Chapter    **11**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

### 1. Income from employment or operation of business


None

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

             AMOUNT                        SOURCE

---

### 2. Income other than from employment or operation of business


None

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

             AMOUNT                        SOURCE

---

2

### 3. Payments to creditors

None 

***Complete a. or b., as appropriate, and c.***

    a.   *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None

    b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None

    c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

### 4.  Suits and administrative proceedings, executions, garnishments and attachments

None

    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **See Attachment 4a** | | | |

None

    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

3

**5.  Repossessions, foreclosures and returns**


None

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**6.  Assignments and receiverships**


None

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |


None

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

**7.  Gifts**


None

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

**8.  Losses**


None

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

**9.  Payments related to debt counseling or bankruptcy**

None

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

**See Global Notes Question 9**

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

4

**10.  Other transfers**

None 

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

None 

b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

**11.  Closed financial accounts**

None 

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

**12.  Safe deposit boxes**

None 

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

**13.  Setoffs**

None 

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

**14.  Property held for another person**

None 

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

5

**15. Prior address of debtor**

None ☐

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 15 Chesterfield Road, Suite 203 & 205<br>East Lyme, CT 06333 | | 03/16/07 to 03/15/10 |
| 545 Mainstream Drive, Suite 104<br>Nashville, TN 37228 | | 08/15/04 to 08/14/09 |
| 420 Lexington Avenue, Rooms 2154 & 2155<br>New York, NY 10017 | | 08/01/03 to 07/31/08 |
| 5980 Stoneridge Drive, Suite 108<br>Pleasanton, CA 94588 | | 11/01/02 to 10/31/07 |
| 352 5th Street, Suite C<br>Whitehall, PA 18052 | | 7/01/06 to 10/01/07 |

**16. Spouses and Former Spouses**

None ☒

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ☒

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF<br>GOVERNMENTAL UNIT | DATE OF<br>NOTICE | ENVIRONMENTAL<br>LAW |
|---|---|---|---|

None ☒

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF<br>GOVERNMENTAL UNIT | DATE OF<br>NOTICE | ENVIRONMENTAL<br>LAW |
|---|---|---|---|

None ☒

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF<br>GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

6

### 18 . Nature, location and name of business

None
☐
a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|
| **Medical Staffing Holdings, LLC** | **2662** | **901 Yamato Road Suite 110 Boca Raton, FL 33431** | **Holding** | **10/16/01 to Present** |

None
☒
b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                                                 ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement* **only** *if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None
☐
a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------|------|
| **Barbara A. Dittmer Director of Reporting 901 Yamato Road, Suite 110 Boca Raton, FL 33431** | **11/19/07 to Present** |
| **Jeffrey Yesner Chief Accounting Officer 901 Yamato Road, Suite 110 Boca Raton, FL 33431** | **01/21/03 to Present** |
| **Kevin S. Little Chief Financial Officer 901 Yamato Road, Suite 110 Boca Raton, FL 33431** | **12/03/96 to Present** |
| **Michael J. Mesagno Vice President of Accounting 901 Yamato Road, Suite 110 Boca Raton, FL 33431** | **02/28/00 to Present** |

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Paul Kamarauskas**<br>**Assistant Controller**<br>**901 Yamato Road, Suite 110**<br>**Boca Raton, FL 33431** | **12/26/07 to Present** |
| **Robert J. Adamson**<br>**Chief Executive Officer**<br>**901 Yamato Road, Suite 110**<br>**Boca Raton, FL 33431** | **01/06/98 to Present** |
| **Ted Muraskin**<br>**Controller**<br>**901 Yamato Road, Suite 110**<br>**Boca Raton, FL 33431** | **11/23/99 to Present** |

None ☐    b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| **Ernst & Young LLP** | **250 South Australia Avenue**<br>**Suite 900**<br>**West Palm Beach, FL 33401** | **FYE 2008 and 2009** |

None ☐    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| **Barbara A. Dittmer** | **901 Yamato Road, Suite 110**<br>**Boca Raton, FL 33431** |
| **Jeffrey Yesner** | **901 Yamato Road, Suite 110**<br>**Boca Raton, FL 33431** |
| **Kevin S. Little** | **901 Yamato Road, Suite 110**<br>**Boca Raton, FL 33431** |
| **Michael J. Mesagno** | **901 Yamato Road, Suite 110**<br>**Boca Raton, FL 33431** |
| **Paul Kamarauskas** | **901 Yamato Road, Suite 110**<br>**Boca Raton, FL 33431** |
| **Robert J. Adamson** | **901 Yamato Road, Suite 110**<br>**Boca Raton, FL 33431** |
| **Ted Muraskin** | **901 Yamato Road, Suite 110**<br>**Boca Raton, FL 33431** |

None ☐    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

        **Pursuant to the requirements of the Securities Exchange Act of 1934, at the end of each of its fiscal quarters andyears and upon the occurrence of significant events, the debtor prepares and files with the Securities ExchangeCommission ("the SEC") Form 8-K Special Reports, Form 10-K Quarterly Reports and Form 10-K Annual Reports(collectively, the "SEC Filings").  The SEC Filings contain consolidated financial information relating to the debtorand its parent companies.  Because the SEC Filings are of public record, the debtor does not maintain records ofthe parties who requested or obtained copies of any of the SEC Filings from the SEC or the debtor.**

NAME AND ADDRESS                       DATE ISSUED

8

### 20. Inventories

None ☒    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None ☒    b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

### 21 . Current Partners, Officers, Directors and Shareholders

None ☒    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ☐    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **See Attachment 21b** | | |

### 22 . Former partners, officers, directors and shareholders

None ☒    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ☐    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| **Mary Carr** | **Vice President and In-House** | **06/28/10** |
| **4525 Weaver Parkway, Suite 310** | **Counsel** | |
| **Warrenville, IL 60555** | | |

### 23 . Withdrawals from a partnership or distributions by a corporation

None ☒    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 24. Tax Consolidation Group.

None ☒    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

9

**25. Pension Funds.**

None ☒   If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                          TAXPAYER IDENTIFICATION NUMBER (EIN)

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  **July 16, 2010**                    Signature

**Mohsin Meghji**
**Chief Restructuring Officer**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

101

**Medical Staffing Network Holdings, Inc.**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 4a**

**(4a) Suits and Administrative Proceedings Within One Year[1]**

| CAPTION OF SUIT | CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|---|
| Nelson Francois, as Personal Representative of the Estate of Caroline Francois, Plaintiff v. Medical Staffing Network, Holdings, Inc; Angelica Martinez, RN, aka Angelica Luzarraga, RN; Tenet Health System North Shore, Inc., dba North Shore Medical Center, and University of Miami | 07-3515-CA-23 | Professional Liability Negligence | 11th Judicial Circuit, Dade County, Florida | Closed |
| Pilar Teahan, as Power of Attorney for Joseph Teahan, and Pilar and Joseph Teahan, Individually, Plaintiffs v. Memorial Health Systems, Inc., dba Florida Hospital-Ormond Memorial; Medical Staffing Network Holdings, Inc.; Kelly Lewis, RN; Jon Peter Engbretson, MD; Suncoast Radiology PA; John Zoshak, DO, and Nighthawk Radiology Holdings, Inc. | 2008-34230-CICI Division 32 | Professional Liability Negligence | Circuit Court of the 7th Judicial, Volusia County Florida | Pending |
| Leta Jane Ligon, Plaintiff v. Integris Baptist Medical Center; Integris; Chioma Opara; Medical Staffing Network, Inc., and Medical Staff Network Holdings, Inc. | CJ-2010-3437 | Professional Liability Negligence | District Court of Oklahoma County, Oklahoma | Pending |

1. Does not include cases related to workers compensation as such claims are handled by third party programs and usually do not involve litigation. The debtor has obligations only to finance these programs, which in turn make all payments and cover all legal expenses.

**Medical Staffing Network Holdings, Inc**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 21b**

**(21b) Current Partners, Officers, Directors and Shareholders[1]**

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| Anne Boykin<br>231 Southwest 7th Terrace<br>Boca Raton, FL 33486 | Director | * |
| Artisan Partners Limited Partnership[2]<br>875 East Wisconsin Avenue, Suite 800<br>Milwaukee, WI 53202 | Shareholder | 8.60% |
| C. Daryl Hollis<br>356 Brannon Road<br>Horse Shoe, NC 28742 | Director | * |
| David Wester<br>c/o Vitas Healthcare Corp.<br>100 South Biscayne Boulevard, Suite 1500<br>Miami, FL 33131 | Director | * |
| Edward J. Robinson<br>15 Mill Road<br>New Canaan, CT 06840 | Director | * |
| Jan Casford<br>4525 Weaver Parkway, Suite 310<br>Warrenville, IL 60555 | Executive Vice President | * |
| Jeffrey Yesner<br>901 Yamato Road, Suite 110<br>Boca Raton, FL 33431 | Vice President and<br>Chief Accounting Officer | * |
| Kevin S. Little<br>901 Yamato Road, Suite 110<br>Boca Raton, FL 33431 | President,<br>Chief Financial Officer<br>and Secretary | 2.67% |
| Lynne Stacy<br>901 Yamato Road, Suite 110<br>Boca Raton, FL 33431 | Executive Vice President | * |
| Michael J. Mesagno<br>901 Yamato Road, Suite 110<br>Boca Raton, FL 33431 | Vice President, Accounting | * |
| Mohsin Y. Meghji[3]<br>220 West 42nd Street, 9th Floor<br>New York, NY 10036 | Chief Restructuring Officer | * |

**Medical Staffing Network Holdings, Inc**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 21b**

**(21b) Current Partners, Officers, Directors and Shareholders[1]**

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| Nautic Management V, LP[4]<br>50 Kennedy Plaza<br>Providence, RI 02903 | Shareholder | 9.20% |
| Patricia Layton<br>901 Yamato Road, Suite 110<br>Boca Raton, FL 33431 | Executive Vice President | * |
| Philip A. Incarnati<br>c/o McLaren HealthCare Corp.<br>G-3235 Beecher Road, Suite B<br>Flint, MI 48532 | Director | * |
| Robert J. Adamson<br>901 Yamato Road, Suite 110<br>Boca Raton, FL 33431 | Chairman<br>Chief Executive Officer<br>and Director | 4.4% |
| Warburg Pincus Private Equity VIII[5]<br>466 Lexington Avenue<br>New York, NY 10017 | Shareholder | 45.40% |

*  Less than one percent of the outstanding shares of Common Stock.

1.  As of March 28, 2010

2.  The stockholder is Artisan Partners Limited Partnership ("APLP"), including Artisan Investment Corporation ("Artisan Corp."), the general partner of APLP, Artisan Partners Holdings, LP ("Artisan Partners"), Artisan Investments GP, LLC, the general partner of Artisan Partners, ZFIC, Inc., the sole stockholder of Artisan Corp., Andrew A. Ziegler, Carlene Murphy Ziegler and Artisan Funds, Inc.

3.  Effective March 27, 2010, Mr. Meghji was retained as Chief Restructuring Officer ("CRO").  Mr. Meghji is a Principal with Loughlin Meghji + Company ("LM+Co"), which was concurrently retained as financial advisor to the Debtor

4.  The total shares listed under Nautic Management V, LP ("NM5"), formerly known as Navis Partners V, LP, consist of shares held by NM5 and the following entities: Silverado IV Corp. ("S4"), Fleet Venture Resources, Inc. ("FVR"), Chisholm Management IV, LP ("CM4"), Robert M. Van Degna ("RMV"), Habib Y. Gorgi ("HYG") and Bernard V. Buonanno III ("BVB")

5. The stockholder is Warburg Pincus Private Equity VIII, L.P., including two affiliated limited partnerships ("WP VIII"). Warburg Pincus Partners, LLC, a subsidiary of Warburg Pincus & Co. ("WP"), is the sole general partner of WP VIII. WP VIII is managed by Warburg Pincus LLC ("WP LLC")